# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VARIABLE LIGHTING LLC<br><br>Plaintiff.<br><br>v.<br><br>POLYGROUP LTD., and POLYGROUP SERVICES N.A. INC.<br><br>Defendants. | C.A. No._____-_____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Variable Lighting LLC ("Variable Lighting") for its complaint against Defendants Polygroup Ltd. and Polygroup Services N.A. Inc. (collectively, "Polygroup"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including §§ 271, 281, 282, 283, 284, and 285, for infringement by Polygroup of one or more claims of U.S. Patent No. 6,285,140 ("the Patent-In-Suit" or "the '140 Patent").

## THE PARTIES

2. Variable Lighting LLC is a limited liability company duly organized under the laws of Delaware, having its principal place of business at 303 Terry Fox Drive, Suite 300, Ottawa, ON K2K3J1 Canada.

3. On information and belief, Defendant Polygroup Ltd. is a corporation registered in the state of Delaware, having a principal place of business at 1051 East Main St., Suite 218, East Dundee, IL 60118.

4. On information and belief, Defendant Polygroup Services N.A. Inc. is a corporation registered in the state of Delaware, having a principal place of business at 1051 East Main St., Suite 218, East Dundee, IL 60118.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant Polygroup because Polygroup Ltd. and Polygroup Services N.A. Inc. are each registered corporations in Delaware.

7. On information and belief, Polygroup sells infringing products to customers in Delaware, through retail stores and online services. On information and belief, Polygroup sells its infringing products in retail stores in this state, including Kmart, Sears, and Target stores. On information and belief, Polygroup sells its infringing products online to customers in this state through amazon.com, target.com, sears.com, kmart.com, and mygofer.com. Accordingly, Polygroup has continuous and systematic contacts in this state, including, *inter alia*, Polygroup's continuous contacts with, and sales to, customers in Delaware.

8. Polygroup has sufficient contact with the District of Delaware to subject it to the personal jurisdiction of this Court for purposes of this Complaint, including, without limitation, acts of infringement of the Patent-In-Suit committed by Polygroup within this District.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## BACKGROUND

10. The '140 patent entitled "Variable –Effect Lighting System," issued on September 4, 2001. The inventor is James Ruxton. A copy of the '140 patent is attached as Exhibit A.

11. Variable Lighting holds all right, title, and interest in the '140 Patent by an assignment recorded in the United States Patent and Trademark Office, and has the right to sue and recover damages for infringement thereof.

12. The '140 patent is generally directed to a variable effect lighting system having a lamp assembly comprising a plurality of multi-colored lamps where each multi-colored lamp produces a first and second color of light, and a programmable lamp controller for setting an illuminating element according to at least one predetermined pattern, each predetermined pattern being stored in a memory of the controller.

## FACTUAL ALLEGATIONS

13. On information and belief, Defendant Polygroup makes, uses, offers to sell, sells, or imports into the United States and the District of Delaware at least the following products that incorporate each and every element of at least one claim of the Patent-In-Suit: The "Color Switch Plus 7.5 ft. Prelit Sonoma Spruce Christmas Tree," the "Color Switch Plus 12' Christmas

3

Sonoma Spruce (PE / PVC) Pine," the "Color Switch Plus 4.5' Aurora Pine," and the "Color Switch Plus 9' Cortland Quick Set Pine W/800 Color Switch Plus Led," (hereinafter, the "Polygroup infringing products"). This list is representative and is not intended to be inclusive of all products which Defendant Polygroup makes, uses, offers to sell, sells, or imports into the United States which infringe at least one claim of the Patent-In-Suit.

14. On information and belief, each of the Polygroup infringing products includes a plurality of multicolored lights in various configurations and in parallel with a DC voltage source. The Polygroup infringing products have an electronics module containing a circuit board with a microcontroller and other electronic components, and a user operable switch. The switch is used in each infringing product to control the color of the lights, which may be all white or multicolored, and may be set to varying patterns of colors, in accordance with the claims of the Patent-In-Suit.

## COUNT I

### Infringement of the '140 Patent

15. The allegations of paragraphs 1–14 are restated and incorporated by reference as though fully set forth herein.

16. On information and belief, the Polygroup infringing products each comprise a variable effect lighting system having a lamp assembly comprising a plurality of multi-colored lamps in parallel with a DC voltage source where each multi-colored lamp produces a first and second color of light, and a programmable lamp controller for setting an illuminating element according to at least one predetermined pattern, each predetermined pattern being stored in a memory of the controller, in accordance with at least claims 1 or 18 or both of the '140 patent.

17. On information and belief, Defendant Polygroup has been and continues to infringe at least claims 1 or 18 or both of the '140 patent either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States, lighting systems that operate in accordance with the '140 patent claims. Polygroup therefore infringes the Patent-in-Suit under 35 U.S.C. § 271(a).

18. On information and belief, Defendant Polygroup indirectly infringes the Patent-in-Suit by inducing infringement by others, such as retailers and customers, to sell, offer to sell, use, or import into the United States infringing products. Polygroup is therefore liable for induced infringement under 35 U.S.C. § 271(b).

19. On information and belief, Defendant Polygroup indirectly infringes the Patent-in-Suit by contributing to infringement by others, such as retailers and customers, to sell, offer to sell, use, or import into the United States infringing products. Polygroup is therefore liable for contributory infringement under 35 U.S.C. § 271(c).

20. Variable Lighting has been damaged by the infringement by Defendant Polygroup and is suffering and will continue to suffer harm and damage as a result of this infringement.

21. Polygroup has been aware of the infringement of the '140 patent since approximately May 27, 2015, when Plaintiffs sued Kmart, Sears, and other defendants for infringement of the '140 patent in C.A. No. 15-cv-426-RGA. Polygroup supplies the infringing products to the defendants in that case, and the defendants in that case informed Polygroup of the lawsuit.

22. Accordingly, Polygroup has actual knowledge of the '140 patent and its infringement of the '140 patent has been and continues to be willful.

**REQUEST FOR RELIEF**

Variable Lighting respectfully requests this Court to enter judgment as follows:

1. Finding that Polygroup has directly infringed the Patent-In-Suit, contributorily infringed the Patent-In-Suit, and/or induced the infringement of the Patent-In-Suit;

2. Awarding Variable Lighting its actual damages based upon a reasonable royalty, to be assessed by or under the Court's discretion, adequate to compensate Variable Lighting for Polygroup's infringement of the Patent-In-Suit;

3. A judgment that Polygroup's infringement of the Patent-In-Suit has been willful;

4. A judgment and order requiring Polygroup to pay Plaintiff damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement through entry of the final judgment, with an accounting, as needed, and enhanced damages for willful infringement as provided by 35 U.S.C § 284;

5. A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a judgment awarding to Plaintiff its attorneys' fees incurred in prosecuting this action;

6. Awarding Variable Lighting pre-judgment interest and post-judgment interest at the maximum rate allowable by law;

7. Ordering an accounting for damages;

8. Awarding Variable Lighting its costs; and

9. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Variable Lighting hereby demands a jury trial on all issues so triable raised in this action.

| | |
|---|---|
| Date : March 16, 2016 | Respectfully submitted, |
| | FARNAN LLP |
| Of Counsel:<br>Andrew Berks<br>Henry Cittone<br>Padmaja Chinta<br>Peter Fratangelo<br>CITTONE & CHINTA LLP<br>11 Broadway Suite 615<br>New York, NY 10004<br>Tel. 212-710-5619<br>aberks@cittonechinta.com<br>hcittone@cittonechinta.com<br>pchinta@cittonechinta.com<br>pfratangelo@cittonechinta.com | /s/ Brian E. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Attorneys for Plaintiff Variable Lighting LLC* |